MILLER and others *vs.* WRIGHT and others.

Decree *pro confesso* opened, with leave to answer, on the ground of surprise; no negligence being attributable to the defendants.

On motion to open decree *pro confesso* and let in defendants, Charles E. Miller and wife, to answer.

*Mr. E. A. S. Man,* for the motion.

*Mr. L. Zabriskie,* contra.

THE CHANCELLOR.

The bill is filed by a trustee, for partition between himself and one of the *cestuis que trust,* of the trust property, in which the former claims a beneficial interest of two-third parts, and for an allowance out of the estate of certain expenditures which he claims to have made as trustee, for the benefit of the estate. Charles E. Miller and his wife, are made defendants to the suit, in respect of the interest which they had in the trust property when the complainant became trustee, and which the complainant alleges Charles E. Miller and his wife afterwards conveyed to him for the consideration of $1000, by him paid to the former therefor. The complainant, when he assumed the trust, was interested in the trust estate equally with each of the defendants, Eliza Ann Wright, who is his sister, and Charles E. Miller, who is his brother. The bill was filed on the 21st of July, 1871. An order of publication as against Charles E. Miller and his wife, who were non-resident defendants, was made on the 10th of August, following, requiring them to appear, plead, answer, or demur to the bill, on or before the 11th of October, then next. Notice of this order appears to have been duly mailed to them, and to have come to their hands in August. They did

Miller *v.* Wright.

not appear, and a decree *pro confesso* was entered against them, but not, however, until February, 1873. By that decree the complainant was directed to proceed *ex parte* as against them, and to produce evidence to substantiate his allegations in the bill against them, accordingly. The other defendant, Eliza Ann Wright, filed her answer on the 5th of December, 1871, and a replication thereto was filed on the 12th of January, following. Since the entry of the decree *pro confesso* there appears to have been no step taken in the cause. The present application is based on the ground of surprise, and the sworn allegation that Charles E. Miller and his wife have a just and valid defence to make in the action. It appears from their affidavits, that in August, 1871, they placed the notices they had received in the hands of an attorney-at-law of Brooklyn, New York, where they resided, with instructions to him to attend to their interests in the suit in their behalf; that he informed them that he would be unable to appear as solicitor, in this state, but undertook to employ a solicitor for them in the premises, here. They seem to have relied on his attending to the matter, and notifying them when their personal attention to it would be necessary. In their statement on this score they are corroborated by the attorney, whose affidavit was read on this motion. He alleges that after receiving the notice, he called on the complainant's solicitor and informed him that Charles E. Miller and his wife had a good and valid defence to the action, and were determined to contest the suit, and requested him to give him the name of some solicitor of this state, to whom he might commit the charge of their interests in the litigation, and on whom he might rely for their defence in the suit; that the complainant's solicitor, accordingly, gave him the names of three solicitors; that he repeatedly went to the offices of two of them, but was unable to find them, and that subsequently he obtained an interview with one of the two, who declined to take charge of the matter. He says, he then called on the third, and left the papers with him, and requested him to take charge of the business, and offered to pay him a retaining

fee.  He adds, that the gentleman last named still retains the
papers.  He further says, that he repeatedly called at the
office of the complainant's solicitor for an extension of time
to answer, and was always told that it would be granted.
The only affidavit presented in opposition to these affidavits,
is that of the complainant.  He swears that, since the com-
mencement of the suit, he has had frequent interviews with
Charles E. Miller, some of which were in the presence of the
wife of the latter, and in those interviews Charles E. Miller
said, referring to the conveyance above mentioned, made by
him and his wife to the complainant, of his interest in the
trust property, that inasmuch as he had no interest in the
subject of the controversy, it was useless for him to go to the
expense of filing an answer.

In view of the fact that the complainant claims in this suit
to be the owner of the share of Charles E. Miller in the trust
property, by a purchase made by him after he became trustee,
and while he was clothed with the trust, in respect of which
transaction Charles E. Miller and his wife were made parties
to this action ; that Charles E. Miller and his wife appear to
have contemplated making a defence to the suit from the be-
ginning, and to have made, what seemed to them, proper pro-
vision to that end, and to have presumed, until about the time
of the entry of the decree *pro confesso*, that whatever was
requisite for the purpose had been done ; that an extension
of the time to answer was repeatedly given out of court, and
without order or written or other stipulation by the solicitor
of the complainant, on the application of their attorney, with
no notification or intimation, as far as appears, at any time,
of an intention to enter a decree by default, in case of failure
to file an answer within the additional period accorded, and
that, since the entering of the decree, no step has been taken
in the cause; it seems proper to vacate the decree *pro confesso*,
and let in Charles E. Miller and his wife to answer.

This will be done, on terms that they pay the costs of the
decree and of this application, and file their answer in thirty
days.